UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DE'CARLOS J. FREEMAN, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>STATE OF INDIANA, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-398 RM |

OPINION AND ORDER

De'Carlos Freeman submitted a complaint under 42 U.S.C. § 1983 while he was confined at the St. Joseph County Jail as a pretrial detainee. He names the State of Indiana, Deputy Prosecutor Kenneth Cotter, and St. Joseph County Police Officers Andrew Taghon and Thomas Teeter as defendants.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P.12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must

> allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Freeman brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988).

Mr. Freeman's claims against the State of Indiana run afoul of the Constitution's Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995).

Mr. Freeman seeks to sue the deputy prosecutor who prosecuted him on charges that were later dismissed. Prosecutors, however, have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the

state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. This immunity applies even if the prosecutor acted "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986). Filing charges against a suspect and prosecuting him is conduct squarely within the judicial phase of the criminal process; accordingly, Mr. Cotter is immune from suit for any mistake he may have made when he prosecuted Mr. Freeman.

Mr. Freeman asserts that while he was confined on the charges that were later dismissed, officials filed other charges against him. He "feel(s) the other charges should be dismissed because . . . they wouldn't have read the other charges if I wasn't wrongfully incarcerated." (Complaint at p. 4). But the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 53 (1971) requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism.

Mr. Freeman alleges that Officer Teeter illegally searched his car and seized evidence. He asserts that a state criminal court dismissed the charges arising from this incident because the search and seizure was illegal.

A false arrest claim asserting an arrest based on no probable cause implicates the Fourth Amendment. *See* Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996). "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be

3

granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73, 104 S.Ct. 2229. Giving Mr. Freeman the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts in support of his Fourth Amendment search and seizure claim that would entitle him to relief.

Mr. Freeman also alleges that when Officer Teeter arrested him, Officer Taghon "violated [his] rights by cruel and unusual punishment and excessive force." (Complaint at p. 3). Mr. Freeman alleges that Officer Taghon maced him and then handcuffed him, pushed him to the ground, and kicked him several times.

"*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" Graham v. Conner, 490 U.S. 386, 395, (1989) (emphasis in original). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Graham v. Conner, 490 U.S. at 396, quoting United States v. Place, 462 U.S. 696, 703 (1983). Giving Mr. Freeman the benefit of the inferences to which he is entitled at the pleadings stage, his allegation that Officer Taghon used excessive and unnecessary force when arresting him is sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983.

4

For the foregoing reasons, the court:

(1) DENIES the plaintiff leave to proceed against the State of Indiana and Kenneth Cotter and, pursuant to 28 U.S.C. § 1915A(b)(2), DISMISSES them from this case. The court also DISMISSES all claims except the plaintiff's Fourth Amendment search and seizure claim against Thomas Teeter and his Fourth Amendment excessive use of force claim against Andrew Taghon;

(2) GRANTS the plaintiff leave to proceed against Thomas Teeter in his individual capacity for damages on the plaintiff's Fourth Amendment search and seizure claim, and GRANTS him leave to proceed against Andrew Taghon in his individual capacity for damages on the plaintiff's Fourth Amendment excessive use of force claim;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendants Teeter and Taghon respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendant Thomas Teeter and Andrew Taghon on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: October 13, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court