UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DE'CARLOS J. FREEMAN, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | CAUSE NO. 3:05-CV-398 RM |
| STATE OF INDIANA, *et al.*, | ) | |
| Defendants | ) | |

OPINION AND ORDER

De'Carlos Freeman submitted a complaint under 42 U.S.C. § 1983 while he was confined at the St. Joseph County Jail as a pretrial detainee, naming the State of Indiana, Deputy Prosecutor Kenneth Cotter, and St. Joseph County Police Officers Andrew Taghon and Thomas Teeter as defendants. The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed all defendants except Officers Taghon and Teeter, and dismissed all claims except the Fourth Amendment search and seizure claim against Thomas Teeter and the Fourth Amendment excessive use of force claim against Andrew Taghon.

Mr. Freeman has now filed an amended complaint. A court must screen amended complaints submitted by prisoners pursuant to § 1915A. Zimmerman v. Hoard, 5 F.Supp.2d 633 (N.D.Ind. 1998). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Freeman brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988).

Mr. Freeman seeks to proceed against Officer Taghon for detaining him without probable cause, performing an unreasonable search and seizure, and for using excessive force when arresting him. He alleges that Officer Teeter searched his vehicle without probable cause. Mr. Freeman asserts that Officer Taghorn's conduct violated rights protected by the Fourth, Eighth, and Fourteenth Amendments, and that Officer Teeter's search violated the Fourth and Fourteenth Amendments.

A complaint asserting a search or arrest based on no probable cause implicates the Fourth Amendment. *See* Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996). "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73, 104 S.Ct. 2229. Giving Mr. Freeman the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts in support of his Fourth Amendment search and seizure claim that would entitle him to relief. The court will, however, dismiss the plaintiff's Fourteenth Amendment claims related to his search and arrest.

Mr. Freeman also alleges that when Officer Teeter arrested him he used excessive and unnecessary force. "*All* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" Graham v. Conner, 490 U.S. 386, 395, (1989) (emphasis in original). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Graham v. Conner, 490 U.S. at 396, quoting United States v. Place, 462 U.S. 696, 703 (1983). Giving Mr. Freeman the benefit of the inferences to which he is entitled at the pleadings stage, his allegation that Officer Taghon used

3

excessive and unnecessary force when arresting him is sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983. The court will, however, dismiss the plaintiff's Eighth and Fourteenth Amendment claims relating to Officer Taghon's allegedly excessive use of force.

Mr. Freeman's amended complaint appears to present an official capacity damage claim, as well as an individual capacity damage claim, against Officers Taghon and Teeter. An official capacity damage claim against a municipal official "is not a suit against the official as an individual; the real party in interest is the entity." Wilson v. Civil Town of Clayton, Indiana, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities may be held liable for damages under § 1983 if a governmental policy or custom caused the alleged violation of the plaintiff's rights. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To prevail in an official capacity damage claim, a plaintiff must establish the existence of an official policy or custom by proving the existence of an express municipal policy that caused the alleged violation of his rights, Baxter v. Vigo County School Corp., 26 F.3d 728, 734 (7th Cir. 1994), or by establishing the existence of a practice or custom so widespread or persistent that it rises to the level of a policy which can fairly be attributed to the municipality. Jett v. Dallas Independent School District, 491 U.S. 701 (1989). To establish a widespread practice or custom, a plaintiff must establish that officials knew of the problem, yet did nothing to solve it. Dye v. Wargo, 253 F.3d 296, 299. (7th Cir. 2001). Nothing in Mr. Freeman's amended complaint suggests that Officers Taghon and Teeter acted against him pursuant to an official municipal policy or a widespread practice or custom. Accordingly, the court will dismiss the plaintiff's official capacity damage claims.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to amend his complaint, GRANTS the plaintiff leave to proceed against Thomas Teeter and Andrew Taghon in their individual capacities for damages on his Fourth Amendment search and seizure claims, and GRANTS him leave to proceed against Andrew Taghon in his individual capacity for damages on his Fourth Amendment excessive use of force claim; and

(2) DENIES the plaintiff leave to proceed against the defendants on his Eighth and Fourteenth Amendment claims, DENIES him leave to proceed against the defendants on his official capacity damage claims, and, pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES all claims except the plaintiff's Fourth Amendment search and seizure and excessive use of force claims.

SO ORDERED.

ENTERED: May  30 , 2006

                                            /s/ Robert L. Miller, Jr.
                                            Chief Judge
                                            United States District Court